WILLIAM T. BAILEY, appellant,

*v.*

CATHARINE SCHNITZIUS, respondent.

1. Where water, whether coming from springs or rains or melting snows, has flowed over lands of the complainant in a well-defined channel for a period of time so long that the memory of man runneth not to the contrary, to and upon lands of an adjoining proprietor, the court will, by its mandatory injunction, require such adjoining proprietor to remove any obstruction placed upon his lands to prevent such water from flowing to and over his lands.

2. In such case it can make no difference whether such channel be natural or artificial. If the complainant, in order to improve his lands for agricultural or trade purposes, alters such channel upon his own land or increases the volume or velocity of the water, the adjoining proprietor has no cause of complaint unless he can show that he has sustained material damage thereby.

---

On appeal from an order advised by Vice-Chancellor Bird, who delivered the following opinion :

Upon final hearing in this case, nothing has been developed in the testimony or in the argument of counsel to vary the important facts upon which my conclusions were founded at the hearing of the order to show cause why a preliminary mandatory injunction should not be issued. *Schnitzius* v. *Bailey, 13 Stew. Eq. 247.* Such an injunction was then advised. The cause was taken to the court of errors and appeals, and the order advising the injunction was reversed. *Bailey* v. *Schnitzius, 18 Stew. Eq. 178.* The only question then was whether a mandatory injunction should issue at that stage of the case or not.

The case as it then stood, and even more conclusively as it now stands, is within the reasoning of the well-considered case of *Earl* v. *De Hart, 1 Beas. 281.* The premises in the last-named case being city property and the premises in this case being farm land, there are considerations in this case which are important to advert to, because such considerations bring it also within the important cases of *Peck* v. *Goodberlett, 12 Cent. L. J. 199; 109 N. Y. 180;* and *McCormick* v. *Horan, 81 N. Y. 86.* According to these cases it is good policy for courts to encourage the cultivation of the soil for agricultural and trade purposes. If the farmer can improve his land by changing the water-course thereon which passes from his land to and upon lands of lower proprietors, without substantial injury to such proprietors, he may do so.

To this extent he may increase the volume or velocity thereof by surface or underdrainage. The lower proprietor has no right to complain unless he can show material injury.

The testimony offered by the defendant in this case shows that the ditch or channel through which the water flows from the complainant's land is from three to four feet wide, throughout the greater part of its length, and from two to three feet deep. It is insisted that this channel is an artificial one for the reason that if the water had taken its natural course it would have departed from the line of this ditch about half way across the field, and instead of pursuing a westerly course would have gone in a northwesterly course, crossing the lane and entering upon the land of defendant several hundred feet north from where the

Bailey *v.* Schnitzius.

complainant insists it should and always has crossed the lane and entered upon defendant's land. From the evidence, it cannot possibly make any material difference as to what the judgment of the court should be on this point; for if the ditch was opened or made by hand and not by the force of the water, it has been in existence so long that the memory of man runneth not to the contrary, and will not be interfered with.

The same may be said of several of the underdrains.

Clearly they have been in use for a very long period of time. The complainant made additional drains. But all this work was for the improvement of the land for agricultural purposes. There is no proof that the volume or velocity of the water was in any wise increased.

As the law stands, according to the cases above referred to, it is not in any sense material to determine whether the water spoken of in this case comes in part from springs or in the whole from rains or melting snows.

There is no doubt but that large portions of the thirty-acre tract named in complainant's bill of complaint are so wet, marshy or spongy as to be unproductive, and that by clearing out that main ditch, and by opening the old underdrains, and putting in new ones, the natural wet condition of the soil has been so overcome as to enable the complainant to raise fair crops thereon.

I will advise that a mandatory injunction do issue according to the prayer of the bill. The complainant is entitled to costs.

*Mr. John W. Wescott* for the appellant.

*Mr. Thomas E. French* for the respondent.

PER CURIAM.

Order affirmed, for the reasons given in the court of chancery.

*For affirmance*—DIXON, GUMMERE, LIPPINCOTT, MAGIE, REED, VAN SYCKEL, BOGART, BROWN, KRUEGER, SIMS—10.

*For reversal*—None.